Per Curiam.
The complainant filed his bill to recover of the state the value of cabinet work done in the capítol. He claims the sum of $2822 for cases, drawers, &c. for the room appropriated as the auditor’s office; and he also alleges that the state was previously indebted to him in the sum of $1617 for work previously done, and to support the last charge, exhibits the certificate of the commissioner of public buildings, by which the charge is fully established. The attorney-general answered denying the indebtedness, and relied also in the answer on an act of the legislature passed in 1842, by which the governor, the auditor, and commissioner of public buildings were authorized to examine Jack’s accounts, and to make him such allowance as they might find him entitled to. The answer avers that complainant had his accounts examined under the provisions of this act, and it was found by the individuals appointed, thathe had been overpaid. There was such an act passed as that described in the answer, and if Jack assented to the law by having his accounts examined under it, he is precluded from making further claim. As an award it would bind him. But it is said this part of the answer was not responsive to the bill, and being a matter in avoidance, strict proof of the truth of so much of the answer was necessary. This is the true principle, and it applies in the present case. The complainant introduced proof that he had performed the work charged, and that at the current rates it was worth the sum claimed ; but the attorney-general omitted to introduce any proof of the submission of Jack, or of his appearance before the commissioners, except, their certificate, which is but an exhibit, and not competent proof that Jack appeared before them. Indeed the certificate or award does not state that .he appeared or was present. It only states that they examined his accounts, and his witnesses. This might have been done without the knowledge or approbation of Jack, as his accounts or copies may have been presented to some of the public officers. Still it is possible Jack may have submitted his accounts for examination. If so, he is bound by the award, if it was fairly made. Whether an inquiry into such fact may be proper on the taking of an account, if one *501 should be ordered, we need not now decide. The decree must be reversed, and the cause remanded to the superior court of chancery for further proceedings; when, if it be made to appear that Jack was present or submitted to the arbitration, he will not be entitled to a decree in his favor.